ROGERS, J.
Defendant appeals from a judgment ordering him to comply with his agreement to purchase certain real estate in the city óf New Orleans. The property in question was acquired by plaintiff, with funds donated by the late Thorny Lafon, from Mrs. Laure Bouny Moreno and others by an act of sale executed before Antoine Doriocourt, late notary public of the parish of Orleans, dated March 21,1893.
Plaintiff used the property, under the name “Thorny Lafon,” as an orphanage for desti-' tute orphan boys until the year 1906. In that year, in order to provide for the increasing demands made upon the institution and for the expansion of its work, plaintiff purchased another and larger site, on Gentilly Road, on which it erqcted a new orphanage, bearing the same name.
The act of sale by which plaintiff purchased the property contained the following declaration and condition:
“The purchaser, in her aforesaid capacity, here declares that the price of the property purchased is paid with funds presently donated and accepted by said congregation as a manual gift by Mr. Thorny Lafon, of this city, here present, under the express condition; condition without which the said donation would not have been made by him, that the administrators of said congregation and their successors shall forever use the property presently purchased as an asylum for destitute orphan boys, bearing his name, to wit, ‘Lafon’s Asylum for Destitute Orphan Boys,’ it being well agreed and understood between him, said Thorny Lafon, and said congregation that in case said asylum should ever be removed to some other place the said property shall not be used by said congregation for any other object than charitable purposes, but should it be deemed advantageous by said congregation to sell said property the funds derived from such sale shall be employed in the purchase of another property to be used as an asylum for destitute orphan boys bearing his name as above stated, and should said congregation fail to comply with any of the obligations herein mentioned then and in that case the property presently purchased (if not sold) or any property purchased'with the funds derived from the sale -thereof shall belong to the Charity Hospital 5f this city.”
Defendant’s position is that, he cannot safely take title to the property for the reason that he is not informed, between plaintiff and the Charity Hospital, who is the real owner. That the act by which plaintiff acquired the property stipulates that upon failure' of the donee to comply with the obligations of the donation the property shall revert to the Charity Hospital. That the conditions of the donation were violated, because (1) the property had not been used for eharita *897 ble purposes from 1906 to the date of the agreement to purchase, a period of 13 years, and (2) that the purchase of the new, and the sale ■ of the old ■ property, should have occurred synchronously, and the proceeds of the latter should have been used in the transaction of the former.
The record shows that at the time of the removal of the orphanage, plaintiff endeavored to sell the old property, but was unable to do so, because it was in an undesirable part of the city. As the removal, however, was imperative, in order to meet the constantly increasing demands upon the institution, plaintiff, from its general funds, advanced the price of the new site, always having in contemplation the replacement of the amount so advanced whenever it should be able to sell the old property.
After the removal, plaintiff renewed its efforts to find a purchaser for the old site at a satisfactory price. These efforts finally resulted in the agreement of sale with the defendant. By a resolution of the board of directors of plaintiff society, adopted June 30, 1919, it is provided, among other things:
“That in accordance with said act” (of donation) “and with the previous acts of this board and of the said Society of the Holy Family, the proceeds to be derived from the said sale to F. D. Charbonnet, Jr., to wit, the sum of $4,800.00, be used to reimburse this society for the advance made by it at the time of the purchase of the Gentilly site for the Lafon Asylum for Destitute Boys.”
There is nothing in the conditions of the donation which required the continued operation of the asylum in the property purchased with the donated funds or which prohibited the sale of said property. On the contrary, the donee was given express permission to remove the institution to some other site, in which event it could retain the old property using it for charitable purposes only, or “should it be deemed advantageous by said congregation"to sell said property, the funds derived from such sale shall be employed in the purchase of another property to be used as an asylum for destitute orphan boys bearing his” (the donor’s) “name,” etc.
Plaintiff society has deemed it more advantageous to sell the property than to retain it for other charitable purposes, and to use the funds derived from said sale in part payment of the purchase price of the larger and more commodious site which is used for th'e same purpose and under the same name as the property originally acquired with the donated funds. In this it has complied with the conditions of the donation and carried out the intentions of the donor. The fact that the old property was not sold simultaneously with the purchase of the new property does not alter the legal situation.
 We think the defendant may safely accept title to the property. The restriction in the donation is not against the sale of the property, which, on the contrary, is especially authorized, but against the diverting of the proceeds of the sale to any other purpose than that for which the donation was made. The purchaser of the property is not required to follow the funds in the hands of the vendor in order to see that they are invested as directed in the act of donation; that is a matter which concerns only the Charity Hospital and the donee. Nor is any importance to be attached to the fact that the property remained vacant for '13 years. It is sufficient that it was not used adversely to the expressed wishes of the donor.
Judgment affirmed.